# 792 CASES REPORTED WITH BRIEF SYLLABI.

failed to sustain the burden resting upon them to establish that the conveyances were fair and "free from fault which demands the condemnation of a court of equity." The manner of the carrying out of the intention of the plaintiff, as testified to on behalf of the defendants, resting upon an invalid parol agreement, if not fraudulent in fact, presented a situation, in conjunction with the relationship of the parties and the manner in which they dealt with one another, of constructive fraud. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings should be made in accordance herewith. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur. Settle order on notice.

HELEN A. PROCTOR, Appellant, v. GORDON PROCTOR, Respondent.— Order denying motion for alimony pending appeal, and for counsel fee to prosecute appeal, in so far as appealed from, affirmed, without costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

HELEN A. PROCTOR, Appellant, v. GORDON PROCTOR, Respondent.— Judgment dismissing complaint on the merits unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY CORKER, Relator, v. LOUIS I. HARRIS, JOSEPH FUROT and HENRY P. SWIFT, Constituting the Board of Health of the City of New York, Respondents.— Determination of the board of health unanimously confirmed and certiorari proceeding dismissed, without costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Hagarty, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES J. KERRIGAN, Relator, v. GEORGE V. McLAUGHLIN, as Police Commissioner of the City of New York, Respondent.— Determination of the police commissioner annulled and relator reinstated, with fifty dollars costs and disbursements, upon the ground that the commissioner's findings upon the charges, so far as they import fault, are not adequately supported by the evidence. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Rich and Kapper, JJ., dissent.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of GERTRUDE E. McCARTHY, Respondent, v. ABRAHAM BRAUNSTEIN, Appellant.*— Judgment of conviction of the City Magistrate's Court, Borough of Brooklyn, affirmed. Lazansky, P. J., concurs although having some doubt that the requirement of compulsory attendance in the day time is reasonably necessary to accomplish the purposes of the statute† in light of the established policy of the State to provide for education at night. Hagarty and Carswell, JJ., concur, with the following memorandum: The considerations advanced against the law should be addressed to the Legislature. The question is one within legislative competence and the court may not substitute its judgment for that of the Legislature. Rich and Seeger, JJ., dissent.

JOSEPH RAMOS, Respondent, v. ROBERT DOLLAR COMPANY and DOLLAR STEAMSHIP LINE, Appellants.— Order denying defendants' motion to set aside verdict affirmed, with costs. No opinion. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

REDONDO STEAMSHIP COMPANY, INC., Respondent, v. IRVING BANK-COLUMBIA

---

* Affd., 248 N. Y. 308.

† See Education Law, § 601, added by Laws of 1919, chap. 531, as amd. by Laws of 1924, chap. 524.— [REP.